**AFFIRM; and Opinion Filed June 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00705-CR

**BRENDA ISELA MONTOYA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1122656-W**

## MEMORANDUM OPINION

Before Justices Brown, Stoddart, and Schenck
Opinion by Justice Schenck

A jury found appellant Brenda Isela Montoya guilty of delivery of a controlled substance, heroin, in the amount of one gram or more, but less than four grams. The trial court assessed her punishment at eight years' imprisonment. In a single issue, appellant argues the trial court abused its discretion by admitting evidence of an alleged extraneous offense at the guilt/innocence phase of her trial. We affirm the trial court's judgment.

Police surveilled appellant and her brother, Paul Montoya, for some time as a result of a tip from a confidential informant who suggested that they were selling heroin. Two narcotics investigators from the Farmers Branch Police Department—Matthew McCain and Phillip Wardlaw—were in charge of the investigation. Both men testified at trial. They learned that appellant drove a black Nissan Versa and that whenever appellant and Paul went somewhere together, appellant always drove. Wardlaw arranged by text to buy heroin from Paul. The

transaction was to take place on September 7, 2011, in a convenience store parking lot. On the appointed day, appellant drove into the parking lot; Paul was in the front passenger seat. Wardlaw had arrived earlier, and appellant parked her car immediately next to his undercover vehicle. Wardlaw and appellant said "hi" to each other through open windows. Paul then stepped out of the Versa and gave Wardlaw the heroin in return for cash. This is the offense for which appellant was charged as a party.

The extraneous offense at issue in this appeal was another undercover buy of heroin that took place on August 26, approximately a week before the September 7 transaction described above. Like the September buy, this one was arranged by McCain and Wardlaw through texts to Paul.[1] Appellant drove her black Nissan Versa to the arranged location; Paul rode in the passenger seat. When they arrived, Paul exchanged heroin for cash. In this transaction, Paul did not leave the vehicle: McCain leaned into the passenger side of the Versa to see both occupants and to make the exchange.

The record establishes that the State sought to offer evidence of the August transaction to prove appellant's knowledge or her lack of mistake concerning why she was driving her brother to the arranged meeting in September. The State acknowledged that evidence of another crime is not admissible to prove people acted in accordance with their character of lawlessness on a particular occasion. *See* TEX. R. EVID. 404(b)(1). However, it relied on a well recognized exception provided by that same rule: that evidence of another crime may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *See* TEX. R. EVID. 404(b)(1). The State argued that after the August transaction appellant must have been aware of her brother's heroin dealing. Thus, when she drove him to a

---

[1] The August buy was arranged by McCain, who had developed the connection with Paul through his confidential informant. After the August buy, McCain introduced Paul to Wardlaw, who arranged the September buy.

meeting place again in September, it was likely that appellant knew she was driving her brother to a meeting arranged for the sale of heroin. Appellant objected to testimony of the August buy, contending (1) the evidence would effectively subject her to two trials and (2) the evidence's probative value was substantially outweighed by its unfair prejudice. Following an evidentiary hearing, the trial court admitted the evidence for rule 404(b) purposes. On appeal, appellant argues only the second objection. *See* TEX. R. EVID. 403 (court may exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice).

We review a trial court's decision to admit evidence at trial for abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). And we review rulings based on rule 403 by balancing the following factors:

> (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;
>
> (2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way";
>
> (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and
>
> (4) the force of the proponent's need for this evidence to prove a fact of consequence, *i.e.,* does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

*De La Paz v. State*, 279 S.W.3d 336, 348–49 (Tex. Crim. App. 2009). The first and fourth factors speak primarily to the probative force of the evidence at issue; the second and third factors speak to the risk of unfair prejudice.

Our review of the record persuades us that the evidence of the August heroin transaction is compelling proof of appellant's knowledge of the nature of the September transaction. Appellant's defense at trial was that she did not know what her brother was doing and did not knowingly and intentionally deliver a controlled substance on September 7. Her counsel argued,

"Unbeknownst to Ms. Montoya, her brother was making deals with the police on drug deals that she had no knowledge of," and "Folks, it's clear that Ms. Montoya did not know what her brother was doing." But after driving Paul to the August meeting and having the heroin-for-cash exchange take place in the car right next to her, jurors could reasonably believe she did know. Neither was there another better way to prove appellant's knowledge. Appellant points to her video interview with police, in which she admitted driving Paul to make drug deals. But appellant's answers in that interview are sometimes ambivalent and sometimes ambiguous. Police testimony that officers witnessed appellant driving her brother to a drug buy in precisely the same way she did one week later was much stronger evidence of her knowledge of the nature of her conduct and her brother's conduct.

We conclude further that any risk of unfair prejudice was not significant in this case. The extraneous offense was not likely to inflame jurors or to encourage them to decide the case on an irrational basis. The August buy was not a violent offense or an offense categorically different or more heinous than the September offense with which appellant was charged. On the contrary, the August transaction was valuable to the jury because it so clearly showed the defendant and her brother carried out their transactions following the same pattern—reflecting precisely the rationale underlying the exception framed into rule 404. When appellant got into the car to take her brother to a store parking lot in September, reasonable jurors could infer that she knew precisely what he was going to do. And evidence of that knowledge was highly probative in a case in which the thrust of the defense was that she did not know what he was going to do. Moreover, the same investigators participated in and testified to the two drug buys. Therefore, developing the evidence did not require additional witnesses or significant amounts of time that would distract the jury from evidence of the September transaction.

–4–

Weighing these factors, we cannot conclude the evidence of the August transaction was substantially more unfairly prejudicial to appellant than it was probative. *See De La Paz.* 279 S.W.3d at 348–49. We discern no abuse of discretion in the trial court's decision to admit the evidence. We decide appellant's single issue against her, and we affirm the judgment of the trial court.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140705F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRENDA ISELA MONTOYA, Appellant

No. 05-14-00705-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1122656-W.
Opinion delivered by Justice Schenck.
Justices Brown and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of June, 2015.